# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GLENN LOUGEE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LINDA MCMAHON,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Civil No. 05-2309 (JRT/FLN)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Jennifer G. Mrozik, **NORTHWEST DISABILITY SERVICES**, 1611 West County Road B, Suite 106, Roseville, MN 55113, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Glenn Lougee brings this action against the Commissioner of Social Security seeking judicial review of the denial of his application for disability insurance benefits. In a Report and Recommendation dated November 30, 2006, United States Magistrate Judge Franklin L. Noel recommended that the Court deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment.

This matter is before the Court on plaintiff's objections to the Report and Recommendation. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Glenn Lougee was born on October 19, 1955, and was 47 at the time of his application for benefits. He has completed his GED. He spent most his life working in the mining industry as a general laborer, truck driver, crusher, filter attendant, burner attendant, and janitor, but he has not worked since 2003. Plaintiff filed an application for disability benefits on July 18, 2003. He asserts that he became disabled on May 12, 2003, and that he is completely unable to work because of mild degenerative disc disease of the cervical and lumbar spines, major depressive disorder, recurrent and generalized anxiety disorder, alcohol-induced hypertension, and alcohol dependence.

The Social Security Administration denied Lougee's application initially and on reconsideration. Lougee then requested and received a hearing, which was held before an Administrative Law Judge ("ALJ") on October 4, 2004. The ALJ evaluated Lougee's claim using the five-step sequence provided in the social security regulations. *See* 20 C.F.R. § 404.1520. The sequence requires the Commissioner to determine: (1) whether the claimant is presently engaged in "substantial gainful activity"; (2) whether the claimant has a severe impairment – one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the "residual functional capacity" ("RFC") to perform her past relevant work; and (5) if the claimant cannot perform the past work, the

burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a); *Kerns v. Apfel*, 160 F.3d 464, 466 n.6 (8th Cir. 1998).

At the first and second steps of the analysis, the ALJ determined that Lougee has not engaged in substantial gainful employment since the alleged onset date of his disability and is severely impaired with mild degenerative disc disease of the cervical and lumbar spines, major depressive order, recurrent and generalized anxiety disorder, alcohol-induced hypertension, and alcohol dependence. The third step requires a comparison of the claimant's severe impairments with the listed impairments. The ALJ determined that Lougee's impairments meet or equal the criteria in listing 12.09 due to alcohol dependence. The ALJ noted that alcohol dependency cannot be the basis for a finding of disability and concluded that independent of alcohol dependency, plaintiff did not have an impairment or combination of impairments that meets or equals one of the presumptively disabling impairments.

At step four, the ALJ determined that independent of alcohol dependency Lougee had the following RFC: 1) lift and carry up to 50 pounds occasionally and 25 pounds frequently; 2) stand and or walk for six hours of an eight hour day; 3) sit for six hours of an eight hour day; 4) engage in simple repetitive work; and 5) maintain brief and superficial contacts in an environment free of controlled substances. Based on the RFC and the testimony of the vocational expert, the ALJ concluded that Lougee could not perform his past relevant work. The vocational expert testified that Lougee was capable

of jobs such as bench grinder, bench handler, and washing machine operator, which exist within the regional economy.

In specifically addressing Lougee's alcohol dependency, the ALJ found no evidence of disability independent of alcohol dependency. The ALJ reasoned that Lougee was able to maintain employment during his period of sobriety and that medical treatment coincided with periods of heavy alcohol use. The ALJ therefore determined that alcohol dependence is a contributing factor material to a determination of Lougee's disability.

Based on these findings, the ALJ determined that Lougee is not disabled as defined under the Social Security Act and denied his application for benefits. The ALJ rendered this unfavorable decision on January 12, 2005. On July 28, 2005, the Social Security Administration Appeals Council denied Lougee's request for further review, and the ALJ's opinion became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981; *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

Lougee initiated this action in federal court seeking review of the decision pursuant to 42 U.S.C. § 405(g). Lougee raised three issues in his motion for summary judgment: 1) whether the ALJ followed proper principles of law in determining the materiality of Lougee's alcohol dependency; 2) whether the ALJ properly weighed the opinions of treating and examining physicians and improperly substituted his own lay opinions; and 3) whether the ALJ properly analyzed Lougee's credibility. The Magistrate Judge found that the ALJ used an improper process to consider the impact of alcohol dependency, but concluded that the error was harmless. The Magistrate Judge

- 4 -

rejected Lougee's remaining contentions, and recommended that the decision of the ALJ be affirmed as supported by substantial evidence on the record.

## ANALYSIS

### I.   STANDARD OF REVIEW

The Court may reject the Commissioner's decision only if it is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000). In determining whether evidence in the record is substantial, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig*, 212 F.3d at 435. However, the Court may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *Id*.

### II.   PLAINTIFF'S OBJECTIONS

Lougee makes two arguments in his objection to the Report and Recommendation. First, Lougee argues that error made by the ALJ in considering the impact of alcohol dependency was not harmless. Second, Lougee argues that the ALJ improperly weighed the opinions of treating and examining physicians.

The Court agrees that the ALJ used an improper process for considering the impact of alcohol dependency. The regulations require the ALJ to first conduct the five-step sequential process without segregating out any effects of alcohol dependency.

*Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003).  If the claimant's limitations meet the requirements of disability, then the ALJ must determine what limitations would remain in the absence of alcohol abuse and whether these limitations would lead to a finding of disability.  *Id.*  If the ALJ determines that the claimant is disabled but cannot determine what limitations would remain in the absence of alcohol abuse, then an award of benefits is warranted.  *Id.* at 695.  The ALJ erred because he excluded Lougee's alcohol dependency when he conducted the five-step procedure.

Lougee argues that the error was not harmless because the improper procedure led the ALJ to make conclusions not based on substantial evidence.  The Court disagrees.  Although the ALJ utilized improper procedure, he addressed the essential question, which is whether Lougee would be disabled absent his alcohol dependency.  Indeed, the ALJ developed the record on the issue of alcohol dependency, and obtained substantial evidence on the record showing what limitations would remain in the absence of alcohol dependency.

Lougee was actively abusing alcohol at all times during which he alleges disability, and therefore it is very difficult to determine which limitations would remain when the effects of alcohol dependency are absent.  *See id*.  Lougee correctly points out that Dr. Huber, a psychologist who provided a consultative examination, explained that he did not have enough information to determine how much of Lougee's problematic behavior is driven by his alcohol abuse in contrast to a primary personality disorder.  In addition, the medical expert qualified her testimony by noting the difficulty in making an assessment free of alcohol dependency.

Despite these difficulties in making an assessment free of alcohol dependency, the Court determines that the ALJ's conclusion was based on substantial evidence in the record. Specifically, the Court finds that Lougee is not entitled to disability benefits because his alcohol dependence is a "contributing factor material to the determination of disability." *See* 20 C.F.R. § 404.1535. In other words, alcohol dependence appears to be the cause of most of his limitations, and without those limitations, he is not disabled. While this is a relatively close case, the Court reaches this conclusion because the record shows that Lougee was a productive employee during the approximately ten years that Lougee maintained sobriety.

In his objection, Lougee also argues that the ALJ improperly weighed the opinions of treating and examining physicians. Lougee asserts that the ALJ should have given more weight to Dr. Huber, who opined that he did not have enough information to determine how much of Lougee's problematic behavior was driven by his alcohol abuse in contrast to a primary personality disorder. The ALJ stated that he did not place significant weight on the opinion of Dr. Huber precisely because Dr. Huber was unable to separate out the effects of alcohol dependency. Given that the ALJ's primary task was to make an assessment of disability free of alcohol dependency, the ALJ reasonably concluded that Dr. Huber's opinions could not be very helpful in that respect. Although Dr. Huber could not separate out the effects of alcohol dependency, the ALJ considered the entire record, which did provide sufficient information to segregate out the effects of alcohol dependency.

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 24] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 22]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Docket No. 14] is **DENIED**.

2. Defendant's motion for summary judgment [Docket No. 19] is **GRANTED**.


DATED: February 13, 2007            s/ John R. Tunheim
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                           United States District Judge